IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | CRIMINAL NO. 3:14-01 |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| RONALD W. REPAK | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

This case arises from allegations that Defendant engaged in extortion and bribery while serving as the executive director of the Johnstown Redevelopment Authority ("JRA"). On January 14, 2014, the Government filed an Indictment (ECF No. 1) against Defendant Ronald W. Repak, charging him with three counts of Extortion Under Color of Official Right and three counts of Federal Program Bribery. Trial in this matter began on July 6, 2015. Presently before the Court are two motions in limine (ECF Nos. 68 and 79) filed by the Defendant.[1] The Government has filed a response (ECF No. 96) to the motions. Additionally before the Court is the Government's request to introduce Rule 404(b) evidence. (ECF No. 94). The issues have been fully briefed, and the motions are ripe for disposition. For the reasons explained below, the Court will grant in part and deny in part Defendant's motions in limine.

---

[1] Defendant has filed additional motions (ECF Nos. 90, 98), which the Court will address by separate order.

## II. Applicable Law

Defendant's motions in limine raise evidentiary issues under Federal Rules of Evidence 401, 402, 403, 404(b), 602, and 804(b). The Court will first review the offenses contained in the Indictment and then will summarize the pertinent rules of evidence.

### A. Elements of the Alleged Crimes

The Indictment charges Defendant with three counts of Extortion Under Color of Official Right in violation of 18 U.S.C. § 1951(a) and three counts of Federal Program Bribery in violation of 18 U.S.C. § 666(a)(1)(B).

To prove that Defendant committed the crime of Extortion Under Color of Official Right, the Government must show: (1) that the Defendant took certain property from the entities identified in the Indictment as Entities A, B, and C, as described in Counts One, Three, and Five of the Indictment;[2] (2) that the Defendant did so knowingly and willfully by extortion under color of official right; and (3) that as a result of the Defendant's actions, interstate commerce was obstructed, delayed, or affected.

To prove that Defendant committed the crime of Federal Program Bribery, the Government must show: (1) that at the time alleged in the Indictment, Defendant was an agent of the Johnstown Redevelopment Authority; (2) that the Johnstown Redevelopment Authority received federal benefits in excess of $10,000 in a one-year period; (3) that Defendant solicited and accepted something of value from the Entities identified in the Indictment as Entities A, B, and C; (4) that the Defendant acted corruptly with the intent

---

[2] The parties have filed a joint stipulation of facts (ECF No. 92) identifying Entity A as L.R. Kimball and Associates, Entity B as EADS Group, and Entity C as L&M Excavating.

2

to be influenced or rewarded in connection with the business and transactions of Entity A, Entity B, and Entity C; and (5) that the value of the business and transactions to which the payment related was at least $5,000.

### B. Applicable Rules of Evidence

Under Rule 402 of the Federal Rules of Evidence, relevant evidence is admissible unless the Constitution, a federal statute, the Federal Rules of Evidence, or rules prescribed by the Supreme Court provide otherwise. Fed. R. Evid. 402. Rule 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Although evidence must be relevant to be admissible, Rule 401 does not set a high standard for admissibility. *Hurley v. Atl. City Police Dep't*, 174 F. 3d 95, 109–10 (3d Cir. 1999) (citation omitted). The Third Circuit has explained:

> Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case. Because the rule makes evidence relevant if it has any tendency to prove a consequential fact, it follows that evidence is irrelevant only when it has *no* tendency to prove the fact.

*Blancha v. Raymark Indus.*, 972 F. 2d 507, 514 (3d Cir. 1992) (emphasis in original) (citations and quotations omitted).

Under Rule 403, even relevant evidence is inadmissible "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 mandates a balancing test, "requiring sensitivity on the part of the trial court to the subtleties of the particular

3

situation." *United States v. Vosburgh*, 602 F. 3d 512, 537 (3d Cir. 2010). Relevant here, the advisory notes to Rule 403 state that "unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee note; *see Dollar v. Long Mfg., N.C., Inc.*, 561 F. 2d 613, 618 (5th Cir. 1977) ("Of course, 'unfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'").

Additionally, in accordance with Rule 602, "a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. "Evidence to prove personal knowledge may consist of the witness's own testimony." *Id.* Similar to the relevancy requirement of Rule 401, the personal knowledge requirement of Rule 602 creates a low threshold for admissibility. *United States v. Gerard*, 507 Fed. App'x 218, 222 (3d Cir. 2012). A judge should admit witness testimony "if the jury could reasonably find that the witness perceived the event." *Id.* (citing *United States v. Hickey*, 917 F. 2d 901, 904 (6th Cir. 1990)).

Finally, while all relevant is admissible, Rule 404(b) bars the admission of evidence of a crime or bad acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Rule 404(b), in relevant part, provides as follows:

> (b) Crimes, Wrongs, or Other Acts.
>
> > (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to

4

> show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
>
>> (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
>>
>> (B) do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b).

The purpose of Rule 404(b) evidence must be to show something other than propensity. *United States v. Green*, No. 3:08-cr-26, 2009 WL 3233429, at *1 (W.D. Pa. Oct. 7, 2009). Further, to be admissible under Rule 404(b), "evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it." *Green*, 617 F. 3d 233, 249 (3d Cir. 2010) (*citing United States v. Butch*, 256 F. 3d 171, 175 (3d Cir. 2001)); *see also Huddleston v. United States*, 485 U.S. 681, 691-92 (1988). "A proper purpose is one that is 'probative of a material issue other than character.'" *Green*, 617 F. 3d at 250 (*quoting Huddleston*, 485 U.S. at 686). The proffered evidence must fit "into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged." *United States v. Himelwright*, 42 F. 3d 777, 782 (3d Cir. 1994). One such proper purpose under Rule 404(b) is "supplying helpful background information to the finder of fact." *Green*,

5

617 F. 3d at 250. Another proper purpose is knowledge or intent. The Third Circuit has noted, that Rule 404(b) is a rule of *inclusion* rather than *exclusion*; the admission of evidence of other criminal conduct is favored "if such evidence is 'relevant for any other purpose than to show a mere propensity or disposition on the part of the defendant to commit the crime.'" *United States v. Williams*, No. 3:2007-cr-05, 2008 WL 4921225, at *2 (W.D. Pa. Nov. 14, 2008) (*quoting United States v. Givan*, 320 F. 3d 452, 460 (3d Cir. 2003)).

Even where evidence would otherwise be admissible, however, relevant evidence may be excluded under Rule 403. The Supreme Court has explained:

> The term "unfair prejudice," as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged. . . . Such improper grounds certainly include . . . generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged (or, worse, as calling for preventive conviction even if he should happen to be innocent momentarily). . . . "Although . . . 'propensity evidence' is relevant, the risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment—creates a prejudicial effect that outweighs ordinary relevance." . . . Rule of Evidence 404(b) reflects this common-law tradition by addressing propensity reasoning directly: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." There is, accordingly, no question that propensity would be an "improper basis" for conviction and that evidence of a prior conviction is subject to analysis under Rule 403 for relative probative value and for prejudicial risk of misuse as propensity evidence.

*Old Chief v. United States*, 519 U.S. 172, 180-182 (U.S. 1997) (some alterations in original) (internal citations omitted).

As explained above, Rule 403 provides that the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of

the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Rule 403 requires a balancing test. Like any balancing test, the Rule 403 standard is inexact and requires "sensitivity on the part of the trial court to the subtleties of the particular situation." *United States v. Vosburgh*, 602 F. 3d 512, 537 (3d Cir. 2010). Relevant evidence, which is offered for a proper purpose and satisfies Rule 403's balancing test, may be admitted, but must be accompanied by a limiting instruction where requested about the purpose for which the jury may consider it. *See Green*, 617 F. 3d at 249-52.; *United States v. Horner*, No. 3:11-cr-31, 2013 WL 2147861, at *3-4 (W.D. Pa. May 16, 2013).

III. Discussion

A. Motion to Exclude Irrelevant Testimony

Defendant has filed a motion (ECF No. 68)[3] to "exclude any testimony unrelated to the facts required to establish the elements of the counts charged." (*Id.* at ¶ 4). As noted above, this case arises from allegations that Defendant engaged in bribery and extortion while serving as the executive director of JRA. In his motion, Defendant explains that the six counts in the Indictment relate to three underlying factual circumstances: Counts 1 and 2 relate to Steeler football tickets obtained by Defendant; Counts 3 and 4 relate to the installation of a new roof at Defendant's residence; and Counts 5 and 6 relate to demolition and grading services performed at Evolution Gym. Defendant contends that

---

[3] Defendant's first motion in limine (ECF No. 68) is identical to his second motion in limine (ECF No. 79), with the exception that the second motion in limine includes one additional request for relief, regarding reference to Defendant by anything other than his legal name. To the extent that the first and second motions in limine and supporting briefs are the same, the Court will refer only to those matters as contained in the first motion in limine.

7

any testimony unrelated to the facts necessary to establish the required elements of the crimes charged related to these three specific scenarios listed above are irrelevant and prejudicial in contravention of Federal Rules of Evidence 402 and 403. (*Id.* at ¶ 5). Specifically, Defendant anticipates that the Government will present the testimony of Raymond Balta, William Barbin, and William Meske. (ECF No. 69 at 2). Defendant argues that none of these witnesses have direct knowledge of any of the three factual circumstances that form the basis for the crimes charged in the Indictment. (*Id.*).

In response, the Government asserts that Defendant's motion seeks to preclude the Government from introducing "other acts" evidence under Rule 404(b). (ECF No. 96 at 2). On June 30, 2015, the Government filed its notice of intent to use Rule 404(b) evidence. (*See* ECF No. 94). The other acts evidence that the Government intends to introduce involves certain business relationships between Defendant and vendors of the JRA and uncharged conduct involving solicitation related to those business relationships. Specifically, the Government will offer testimony that "will detail the onset of the relationship" between certain vendors at issue in the Indictment and Defendant "as well as detail the relationship and specific solicitations that preceded the offenses charged" as well as attempted solicitations to vendors that post-date the offenses charged. (*Id.* at 6-7). The Government argues that such testimony is admissible under Rule 404(b)(2) as proof of knowledge and intent, which are elements of the crimes charged, and more generally as background information.

For the reasons explained below, the Court finds that the Rule 404(b) evidence that the Government intends to introduce is admissible. First, to carry its burden in this case

on the charges of extortion under color of federal right, the Government must prove that Defendant *knowingly and willfully* took certain property by extortion under color of official right. Similarly, to meet its burden on the charges of solicitation of a bribe, the Government must prove that Defendant acted corruptly *with the intent* to be influenced or rewarded in connection with the business and transactions identified in the Indictment.

In order to show these elements of the crimes charged, the Government intends to introduce "other acts" evidence involving Defendant's business relationships with various vendors doing business with JRA by presenting other instances of uncharged acts of solicitations by Defendant. (ECF No. 94 at 6). The Government explains:

> The testimony will detail the onset of the relationship between the vendor and Mr. Repak, as well as detail the relationship and specific solicitations that preceded the offenses charged in the indictment. There will also be testimony relative to attempted solicitations by Mr. Repak to vendors that post-date the offenses charged. The government's evidence . . . will establish that he solicited . . . items including but not limited to golf outings, demolition work, survey work, concert tickets, and sporting event tickets throughout the duration of the business relationship between [Defendant] and the JRA vendors.

(ECF No. 94 at 6-7). Defendant's business dealings with the various vendors, including other instances of solicitations that were not charged in the indictment in this case, are relevant to showing a necessary element of the crimes charged in this case. Specifically, these business dealings and other solicitations will be used by the Government to establish Defendant's knowledge as to the charges of extortion under color of official right and his willful intent as to the charges of solicitation by a bribe.

Thus, the "other acts" evidence is being introduced for a proper evidentiary purpose and not as propensity evidence. Importantly, the Government has charged

9

Defendant with crimes involving public corruption. The Government intends to introduce other act evidence to develop examples of solicitations during the course of Defendant's business transactions with various entities, and for which Defendant acted with the requisite corrupt intent and knowledge. Likewise, the Government's evidence of other solicitations is relevant under Rule 401 to establish necessary elements of the crimes charged in this case. The Government has presented a sufficient chain of inferences connecting these other acts to material facts in this case without implicating the evidentiary rules' prohibition of using propensity evidence. Furthermore, this evidence satisfies the balancing requirements of Rule 403. The other act evidence to be introduced by the Government is probative of facts in this case and that probative value is not substantially outweighed by any unfair prejudice. Finally, in accordance with the law on this issue, the Court will provide a limiting instruction as necessary. Accordingly, the Government's Rule 404(b) evidence of other acts is admissible and Defendant's motion in limine to exclude other act evidence is denied.

Nevertheless, while the Government is permitted to present Rule 404(b) evidence of other uncharged conduct involving solicitations, that evidence is subject to other relevant rules of evidence. For example, to the extent that such evidence involves hearsay, Defendant is not prejudiced from raising any appropriate objections at an appropriate time. Additionally, in his motion in limine, Defendant has provided specific examples of statements by Government witnesses which appear to be unfairly prejudicial in violation of Rule 403. Specifically, Defendant notes that Mr. Balta will testify that "Repak would not be able to control using croney [sic] tactics of the past." (ECF No. 80 at

10

2). Statements such as this one which attempt to introduce prejudicial or inappropriate opinion testimony concerning Defendant's conduct and character, specifically use of the term "crony," are not admissible. The Government's Rule 404(b) evidence will be limited to its proper evidentiary purpose. The Government's witnesses may testify concerning their personal observations and business experiences with Defendant, but will not be permitted to characterize defendant in a manner that violates Rule 403's prohibition of unfair prejudice.

Accordingly, Defendant's motion to preclude testimony unrelated to the facts required to establish the elements of the counts charged is **DENIED** as to the Government's Rule 404(b) evidence but is **GRANTED** to the extent that the Government may not introduce improper statements in contravention of the other rules of evidence. Likewise, the Government's request to introduce Rule 404(b) evidence is **GRANTED**.

### B. Motion to Exclude Summary Evidence of Investigators

Defendant has filed a motion (ECF No. 68) to exclude "any summary evidence or investigative notes provided by or authorized by any government agent . . . regarding their mental impressions of the evidence." (*Id.* at ¶ 6). Defendant contends that such evidence is "inevitably laden with hearsay, mental impressions and prejudicial conclusions" of the Government's agents in violation of Rules 403 and 602. (*Id.*). Specifically, Defendant anticipates that the Government will present the testimony of FBI Agent Hochrein summarizing evidence that he gathered during his investigation. (ECF No. 69 at 3).

In response, the Government explains that it does not intend to call any government agent in its case-in-chief as a summary witness and therefore does not oppose the granting of Defendant's motion. Accordingly, Defendant's motion to preclude summary evidence from a government agent is **GRANTED**.

C.      **Motion to Exclude Reference to Defendant Except to his Legal Name**

Defendant has filed a motion (ECF No. 79) seeking to exclude "any reference to the Defendant except to his legal name 'Ronald Repak.'" (*Id.* ¶ 8). Defendant provides no further explanation or argument for his motion. In response, the Government explains that testimony will be elicited that Defendant was known by other names, including "The Powerful One" and "Freepak," by witnesses that will be called to testify in relationship to the issues involved in this case. (ECF No. 96 at 16). The Government notes that it intends to introduce an email authored by Defendant in which he signed the email as "The Powerful One." (*Id.*).

As explained above, to be admissible at trial, evidence and testimony must be relevant. Rule 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Further, under Rule 403, relevant evidence is inadmissible "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 mandates a balancing test, "requiring sensitivity on the part of the

trial court to the subtleties of the particular situation." *United States v. Vosburgh*, 602 F. 3d 512, 537 (3d Cir. 2010). The advisory notes to Rule 403 state that "unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee note.

Here, Defendant has not identified which names he seeks to exclude, and without specific reference to such names, the Court is not able to evaluate the relevance or the prejudice of such names. On the other hand, the Government has identified two names that it intends to present in testimony. First, the Government notes that it will present testimony and evidence that Defendant was addressed as "The Powerful One" and that Defendant himself signed an email with that name. Second, the Government explains that it will present testimony referring to Defendant as "Freepak" as a name given to Defendant by an entity that had a business relationship with Defendant. These names referring to Defendant appear to be relevant to the Government's case. Importantly, Defendant embraced the name "The Powerful One," apparently having signed an email with that name. Therefore, given that Defendant referred to himself with the moniker of "The Powerful One," reference to that nickname is admissible, subject to the Government's ability to lay the appropriate basis and foundation for such testimony and evidence.

However, other nicknames, such as "Freepak," which appear to be more in the nature of opinion testimony, will not be admissible. The probative value of such a nickname is substantially outweighed by unfair prejudice and is therefore inadmissible under Rule 403.

Accordingly, Defendant's motion to exclude reference to Defendant except to his legal name of "Ronald Repak" is **DENIED** to the extent that the Government may introduce evidence of nicknames that were adopted and used by Defendant, but the Government may not introduce nicknames that merely express witnesses' opinions concerning the Defendant's character or business dealings.

## IV. Conclusion

For the reasons explained above, the Court will deny Defendant's motion in limine to preclude testimony unrelated to the facts required to establish the elements of the counts charged; grant Defendant's motion in limine to preclude summary evidence of government agents; and deny Defendants' motion in limine to exclude reference to Defendant except to his legal name to the extent that the Government may introduce evidence of nicknames that were adopted and used by Defendant, but the Government may not introduce nicknames that merely express witnesses' opinions concerning the Defendant's character or business dealings.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 3:14-01 |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| RONALD W. REPAK | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

AND NOW, this 7th day of July, 2015, upon consideration of the motions in limine (ECF Nos. 68, 79) filed by Defendant Ronald Repak and the Government's response in opposition (ECF No. 96), and upon further consideration of the Government's notice of intent to use Rule 404(b) evidence (ECF No. 94), and in accordance with the foregoing memorandum opinion of this Court, **IT IS HEREBY ORDERED** that the motions are **GRANTED in part** and **DENIED in part** as follows:

1. Defendant's motion in limine to preclude exclude testimony unrelated to the facts required to establish the elements of the Counts charged is **DENIED**.

2. The Government's request to introduce Rule 404(b) evidence is **GRANTED**.

3. Defendant's motion in limine to exclude summary testimony of government agents is **GRANTED**.

4. Defendants' motion in limine to exclude any reference to Defendant except to his legal name of "Ronald Repak" is **DENIED** to the extent that the Government may introduce evidence of nicknames that were adopted and used by Defendant,

including monikers such as "The Powerful One," but the Government may not introduce nicknames that merely express witnesses' opinions concerning the Defendant's character or business dealings.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE